In 1936 a decree was entered upon the advice of Vice-Chancellor Fielder adjudging the defendants therein with maintaining a nuisance in permitting domestic waste water and other sewage to be discharged onto State Highway Route No. 1 on Tonnelle Avenue, Jersey City and North Bergen adjacent to their respective residences. The decree directed each of the defendants to "desist and refrain from using or permitting to be used" his respective premises "in such manner as to cause and permit domestic waste water and other sewage to be discharged from said property onto the surface of New Jersey State Highway Route No. 1." One of the defendants, Paul Hiller, whose property was in North Bergen abated the nuisance by connecting with an available sewer. The appellant consented in open court to discontinuing the appeal as to him. It will be so ordered. Admittedly the other defendants have not complied with the said decree. The complainant-appellant thereupon instituted the instant proceeding to adjudge the defendants in contempt of court in failing to comply with said decree. *Page 58 
The case was referred to Vice-Chancellor Egan, who heard it, and who erroneously undertook to review the matter of the nuisance and who concluded that the same was created by the negligent manner in which the highway was constructed and not by any fault of the defendants, and that to abate the nuisance in the absence of a sewer to which they could connect was beyond the financial means of the defendants, that they had not wilfully violated the terms of the decree, and advised a decree adjudging them not to be guilty of contempt of court. The effect of this decree was to reverse the decree advised by Vice-Chancellor Fielder. That was not within the power of the Court of Chancery but was solely the province of this court to which no appeal had been made. The doctrine of res adjudicata applies. No considerations concerning the hardship which would be suffered by the defendants by complying with the decree may be resorted to except in meting out punishment for the contempt of which they were clearly guilty. The learned Vice-Chancellor also fell into error in admitting evidence not under oath in the form of a written fact memorandum from one of the officials of the Department of Health of Jersey City. This memorandum was really an argument on behalf of the defendants. It is not said that the memorandum was false in fact or prepared in bad faith but that it contained statements of fact not within the knowledge of its author. This memorandum should not have been treated as evidence. The conclusions of the Vice-Chancellor were obviously grounded at least in part on its assertions and claims.
The decree will be reversed, but without costs.
For affirmance — None.
For reversal — THE CHIEF-JUSTICE, PARKER, CASE, BODINE, DONGES, HEHER, PERSKIE, PORTER, COLIE, DEAR, WELLS, RAFFERTY, HAGUE, THOMPSON, JJ. 14. *Page 59